THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY AXSELROD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOOPZIP, INC. d/b/a REIRAIL,<br><br>Defendant. | Case No. 2:20-cv-01772-RAJ-BAT<br><br>**DEFENDANT HOOPZIP, INC. d/b/a REIRAIL'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Hoopzip, Inc. d/b/a REIRail ("Defendant"), by and through its attorneys, hereby answers and otherwise responds to Plaintiff's Complaint dated December 2, 2020 (Dkt. 1). To the extent not specifically admitted, Defendant denies each and every allegation in the Complaint. Defendant answers the allegations in the Complaint in like-numbered paragraphs as follows:

**NATURE OF ACTION**

1. Paragraph 1 does not assert factual allegations, so no response is required. To the extent that Paragraph 1 quotes from the Supreme Court opinion *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020), Defendant notes that the opinion speaks for itself and is the best evidence of its content. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2. Defendant admits the allegations in Paragraph 2.

HOOPZIP, INC. d/b/a REIRAIL'S ANSWER TO PLAINTIFF'S COMPLAINT– Page 1
2:19-CV-01545-RSM

Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Phone (310) 586-3200

3. Defendant admits it provides a platform for lead generation services to real estate agents, including skip tracing and SMS texting. Defendant denies the remaining allegations in Paragraph 3.

4. Defendant admits the allegations in Paragraph 4.

5. Defendant admits the allegations in Paragraph 5.

6. Defendant denies the allegations in Paragraph 6.

7. Defendant denies the allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

9. The allegations in Paragraph 9 discuss Plaintiff's intention in bringing this lawsuit. Such allegations do not require a response. To the extent a response is required, Defendant denies that it placed unsolicited calls to cellular telephone numbers and denies that it violated the Telephone Consumer Protection Act in any way. Defendant also denies that Plaintiff's case is entitled to class treatment.

## JURISDICTION AND VENUE

10. Defendant admits that this Court has subject matter jurisdiction based on federal question jurisdiction.

11. Defendant denies that it made a call to Plaintiff in this District. The remaining allegations of Paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 11.

## PARTIES

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies those allegations.

13. Defendant admits the allegations in Paragraph 13.

HOOPZIP, INC. d/b/a REIRAIL'S ANSWER TO PLAINTIFF'S COMPLAINT– Page 2
2:19-CV-01545-RSM

Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Phone (310) 586-3200

## TCPA BACKGROUND

**A.     The TCPA Prohibits Automated Telemarketing Calls.**

14.     Paragraph 14 contains legal conclusions to which no response is required. To the extent Paragraph 14 quotes from or purports to summarize the TCPA, 47 U.S.C. § 227, Defendant notes that the statute speaks for itself and is the best evidence of its content. To the extent a response is required, Defendant denies the allegations in Paragraph 14.

15.     Paragraph 15 contains legal conclusions to which no response is required. To the extent Paragraph 15 quotes from or purports to summarize the TCPA, 47 U.S.C. § 227, Defendant notes that the statute speaks for itself and is the best evidence of its content. To the extent a response is required, Defendant denies the allegations in Paragraph 15.

16.     Paragraph 16 does not assert factual allegations, so no response is required. To the extent that Paragraph 16 purports to summarize findings by the FCC, Defendant notes that such findings speak for themselves and are the best evidence of their content. To the extent a response is required, Defendant denies the allegations in Paragraph 16.

17.     Paragraph 17 does not assert factual allegations, so no response is required. To the extent that Paragraph 17 quotes the FCC from *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 (2003), Defendant notes that such Report and Order speaks for itself and is the best evidence of its content. To the extent a response is required, Defendant denies the allegations in Paragraph 17.

18.     Paragraph 18 does not assert factual allegations, so no response is required. To the extent that Paragraph 18 quotes the FCC from *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012), Defendant notes that such Order speaks for itself and is the best evidence of its content. To the extent a response is required, Defendant denies the allegations in Paragraph 18.

HOOPZIP, INC. d/b/a REIRAIL'S ANSWER TO PLAINTIFF'S COMPLAINT– Page 3
2:19-CV-01545-RSM

Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Phone (310) 586-3200

**FACTUAL ALLEGATIONS**

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies those allegations.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies those allegations.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant specifically denies that it called any of Plaintiff's telephone numbers or left any pre-recorded message on Plaintiff's cellular telephone. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore denies those allegations.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies those allegations.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies those allegations.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies those allegations.

26. Defendant admits that it advises its users to comply with the TCPA when using its platform, including for RVM services, on its website at https://support.reirail.com/ringless-voicemail/do-not-call-list/why-dont-all-the-names-on-my-lis. Defendant denies the remaining allegations in Paragraph 26.

**CLASS ACTION ALLEGATIONS**

27. Defendant incorporates the preceding paragraphs as if set forth herein.

28. The allegations in Paragraph 28 discuss Plaintiff's intention in bringing a class action. Such allegations do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 28, denies that the class action allegations in Paragraph 28 have any merit, and specifically denies that Plaintiff's case is entitled to class

HOOPZIP, INC. d/b/a REIRAIL'S ANSWER TO PLAINTIFF'S COMPLAINT– Page 4
2:19-CV-01545-RSM

Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Phone (310) 586-3200

1 treatment.

2     29. The allegations in Paragraph 29 discuss Plaintiff's definition of a purported class. Such allegations do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 29, denies that the class action allegations in Paragraph 29 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

    30. The allegations in Paragraph 30 are legal conclusions to which no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff's adequacy as a class representative and therefore denies the allegations in Paragraph 30. To the extent a response is required, Defendant denies the allegations in Paragraph 30, denies that the class action allegations in Paragraph 30 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

    31. The allegations in Paragraph 31 discuss Plaintiff's definition of a purported class. Such allegations do not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 31, denies that the class action allegations in Paragraph 31 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

    32. The allegations in Paragraph 32 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 32, denies that the class action allegations in Paragraph 32 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

    33. The allegations in Paragraph 33 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 33, denies that the class action allegations in Paragraph 33 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

    34. The allegations in Paragraph 34 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 34, denies that the class action allegations in Paragraph 34 have any merit, and specifically denies

HOOPZIP, INC. d/b/a REIRAIL'S ANSWER TO PLAINTIFF'S COMPLAINT– Page 5
2:19-CV-01545-RSM

Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Phone (310) 586-3200

1 that Plaintiff's case is entitled to class treatment.

2       35.    The allegations in Paragraph 35 are legal conclusions to which no response is
3 required. To the extent a response is required, Defendant denies the allegations in Paragraph 35,
4 denies that the class action allegations in Paragraph 35 have any merit, and specifically denies
5 that Plaintiff's case is entitled to class treatment.

6       36.    The allegations in Paragraph 36 are legal conclusions to which no response is
7 required. To the extent a response is required, Defendant denies the allegations in Paragraph 36,
8 denies that the class action allegations in Paragraph 36 have any merit, and specifically denies
9 that Plaintiff's case is entitled to class treatment.

10       37.    The allegations in Paragraph 37 are legal conclusions to which no response is
11 required. To the extent a response is required, Defendant denies the allegations in Paragraph 37,
12 denies that the class action allegations in Paragraph 37 have any merit, and specifically denies
13 that Plaintiff's case is entitled to class treatment.

14       38.    The allegations in Paragraph 38 are legal conclusions to which no response is
15 required. To the extent a response is required, Defendant denies the allegations in Paragraph 38,
16 denies that the class action allegations in Paragraph 38 have any merit, and specifically denies
17 that Plaintiff's case is entitled to class treatment.

18       39.    The allegations in Paragraph 39 and its subparts (a) through (d) are legal
19 conclusions to which no response is required. To the extent a response is required, Defendant
20 denies the allegations in Paragraph 39, denies that the class action allegations in Paragraph 39
21 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

22       40.    The allegations in Paragraph 40 are legal conclusions to which no response is
23 required. Defendant is without knowledge or information sufficient to form a belief as to the
24 truth of the allegations pertaining to Plaintiff's adequacy as a class representative and therefore
25 denies the allegations in Paragraph 40. To the extent a response is required, Defendant denies
26 the allegations in Paragraph 40, denies that the class action allegations in Paragraph 40 have any

27
28 HOOPZIP, INC. d/b/a REIRAIL'S ANSWER TO PLAINTIFF'S COMPLAINT– Page 6
2:19-CV-01545-RSM

Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Phone (310) 586-3200

1  merit, and specifically denies that Plaintiff's case is entitled to class treatment.

2        41.    The allegations in Paragraph 41 are legal conclusions to which no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff's adequacy as a class representative and Plaintiff's attorneys' competency and experience, and, therefore, denies the allegations in Paragraph 41. To the extent a response is required, Defendant denies the allegations in Paragraph 41, denies that the class action allegations in Paragraph 41 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

      42.    The allegations in Paragraph 42 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 42, denies that the class action allegations in Paragraph 42 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

      43.    The allegations in Paragraph 43 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 43, denies that the class action allegations in Paragraph 43 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

      44.    The allegations in Paragraph 44 are legal conclusions to which no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff's knowledge of other litigation purportedly concerning this controversy and therefore denies the allegations in Paragraph 44. To the extent a response is required, Defendant denies the allegations in Paragraph 44, denies that the class action allegations in Paragraph 44 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act (47 U.S.C. 227(b) on behalf of the Robocall Class)**

      45.    Defendant incorporates the preceding paragraphs as if set forth herein.

HOOPZIP, INC. d/b/a REIRAIL'S ANSWER TO PLAINTIFF'S COMPLAINT– Page 7
2:19-CV-01545-RSM

Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Phone (310) 586-3200

46. Defendant denies the allegations in Paragraph 46, denies that the class action allegations in Paragraph 46 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

47. Defendant denies the allegations in Paragraph 47, denies that the class action allegations in Paragraph 47 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

48. The allegations in Paragraph 48 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 48, denies that the class action allegations in Paragraph 48 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

49. The allegations in Paragraph 49 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 49, denies that the class action allegations in Paragraph 49 have any merit, and specifically denies that Plaintiff's case is entitled to class treatment.

### AS TO PRAYER FOR RELIEF

Defendant denies that Plaintiff, or any member of the putative class, is entitled to any relief whatsoever, including, but not limited to, any judgment or decree that the present case may be properly maintained as a class action, any monetary damages (including actual damages, statutory damages, or punitive damages), declaratory relief, injunctive relief, and any attorneys' fees or costs.

### AS TO JURY DEMAND

The allegations in this Paragraph constitute a jury demand to which no response is required.

### AFFIRMATIVE DEFENSES

Defendant, in the alternative, and without prejudice to the denials and other statements made in its Answer, states the following affirmative defenses. By setting forth these affirmative

HOOPZIP, INC. d/b/a REIRAIL'S ANSWER TO PLAINTIFF'S COMPLAINT– Page 8
2:19-CV-01545-RSM

Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Phone (310) 586-3200

defenses, Defendant does not assume the burden of proof as to any fact issue or other element of any cause of action for which Plaintiff bears the burden of proof. Moreover, Defendant reserves the right to rely upon additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Waiver, Estoppel, Laches, Unclean Hands, Ratification, and Statutes of Limitations)**

The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, ratification, and/or applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

**(Lack of Standing and Lack of Subject Matter Jurisdiction)**

The Complaint and each purported claim contained therein are barred to the extent Plaintiff or any member of the purported class lacks standing.

### FOURTH AFFIRMATIVE DEFENSE

**(Improper Class Action)**

This action is not maintainable as a class action, and relief on a class-wide basis is not appropriate because Plaintiff has failed to allege and cannot prove the facts and prerequisites necessary for the maintenance of a class action, including typicality, numerosity, commonality, ascertainability, or adequate representation.

### FIFTH AFFIRMATIVE DEFENSE

**(Damages Not Measureable on a Classwide Basis)**

Plaintiff's alleged damages, if any, are incapable of proof on a classwide basis.

HOOPZIP, INC. d/b/a REIRAIL'S ANSWER TO PLAINTIFF'S COMPLAINT– Page 9
2:19-CV-01545-RSM

Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Phone (310) 586-3200

## SIXTH AFFIRMATIVE DEFENSE

### (Prior Express Written Consent)

Plaintiff provided prior express written consent to be contacted at the phone numbers identified in the Complaint. *See* 47 U.S.C. § 227(b)(1)(A); 47 C.F.R. § 64.1200(f)(8).

## SEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff Not Charged for the Call or Text Message)

Plaintiff was not charged for the alleged calls or ringless voicemails he received. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

## EIGHTH AFFIRMATIVE DEFENSE

### (No ATDS or Artificial or Prerecorded Voice)

Defendant did not use an automatic telephone dialing system or an artificial or prerecorded voice to transmit any calls or messages to Plaintiff. *See* 47 C.F.R. §§ 64.1200(a)(1), (f)(2).

## NINTH AFFIRMATIVE DEFENSE

### (Mistake of Fact or Law)

The Complaint is barred in whole or in part to the extent that any conduct engaged in by Defendant was based on a mistake of fact or law.

## TENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Actions or Omissions)

Any injuries or damages suffered by Plaintiff, and the existence of such injury or damages is specifically denied, were caused by Plaintiff's own actions and/or omissions, and not by any actions and/or omissions of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

Defendant has substantially complied with the requirements of federal law as they pertain to this lawsuit and such substantial compliance bars Plaintiff's and or members of the putative

HOOPZIP, INC. d/b/a REIRAIL'S ANSWER TO PLAINTIFF'S COMPLAINT– Page 10
2:19-CV-01545-RSM

Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Phone (310) 586-3200

class' claims.

## TWELFTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

Plaintiff failed and/or neglected to use reasonable care to protect himself and to avoid, minimize, and/or mitigate his alleged injury and damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Unconstitutional Vagueness and Overbreadth)**

Interpretations of the TCPA upon which Plaintiff's Complaint is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Defenses Specific to Class Members)**

Defendant may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed classes. Defendant reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Excessive Penalties)**

Plaintiff has suffered no actual damages, and thus, the statutory and punitive penalties sought by Plaintiff and members of the putative class are excessive and violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provision of the Fourteenth Amendment to the United States Constitution.

HOOPZIP, INC. d/b/a REIRAIL'S ANSWER TO PLAINTIFF'S COMPLAINT– Page 11
2:19-CV-01545-RSM

Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Phone (310) 586-3200

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Third Parties)**

The matters that are the subject of this Complaint and the actions therein complained of are attributable to third parties over whom Defendant had no control or right to control and recovery therefore is barred or limited.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Control)**

Any purported damages to Plaintiff or the putative class members, which Defendant denies, are the result of the acts or omissions of persons or entities over which Defendant has neither control nor responsibility.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Existing Business Relationship)**

Plaintiff's claims are barred to the extent that Plaintiff had an existing business relationship with Defendant.

**RULE 11 STATEMENT**

Defendant believes that it may have additional defenses, but it does not have enough information at this time to assert such additional defenses under Rule 11 of the Federal Rules of Civil Procedure. Defendant does not intend to waive any such defenses and specifically assert their intention to amend or supplement this answer if, pending research and after discovery, facts come to light giving rise to such additional defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff takes nothing by his Claims, and that the Complaint be dismissed with prejudice;

2. That Defendant be awarded its reasonable costs and attorneys' fees incurred herein; and

HOOPZIP, INC. d/b/a REIRAIL'S ANSWER TO PLAINTIFF'S COMPLAINT– Page 12
2:19-CV-01545-RSM

Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Phone (310) 586-3200

3. That Defendant be awarded such other and further relief as the Court deems just and equitable.

Dated:  January 29, 2021

**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**

*/s/ Joshua Briones*
Joshua Briones (*admitted Pro Hac Vice*)
*/s/ Kathryn L. Ignash*
Kathryn L. Ignash (*Pro Hac Vice Pending*)
2029 Century Park East, Suite 3100
Los Angeles, CA  90067
Phone: (310) 586-3200
Email: jbriones@mintz.com
           klignash@mintz.com

**GOLDFARB & HUCK ROTH RIOJAS, PLLC**

*/s/ R. Omar Riojas*
R. Omar Riojas, WSBA No. 35400
925 4th Avenue, Suite 3950
Seattle, WA  98104
Phone: (206) 452-0260
Email: riojas@goldfarb-huck.com

*Attorneys for Defendant*
*HOOPZIP, INC. d/b/a REIRAIL*

HOOPZIP, INC. d/b/a REIRAIL'S ANSWER TO PLAINTIFF'S COMPLAINT– Page 13
2:19-CV-01545-RSM

Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Phone (310) 586-3200

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 29, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties

/s/ R. Omar Riojas
R. Omar Riojas, WSBA No. 35400

HOOPZIP, INC. d/b/a REIRAIL'S ANSWER TO PLAINTIFF'S COMPLAINT– Page 14
2:19-CV-01545-RSM

Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Phone (310) 586-3200