UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY AKSELROD,<br><br>                    Plaintiff,<br><br>     v.<br><br>HOOZIP INC,<br><br>                    Defendant. | CASE NO. 2:20-cv-01772-RAJ-BAT<br><br>**ORDER SETTING PRETRIAL SCHEDULE** |

This matter has been assigned to the undersigned for all pretrial proceedings (Dkt. 13) and the parties have submitted a Joint Status Report. Dkt. 18. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, arising from alleged unsolicited, pre-recorded calls made by or on behalf of Defendant to individuals like Plaintiff. Based on these calls, Plaintiff asserts claims on behalf of a class for violations of 47 U.S.C. § 227(b), the TCPA's restriction against calling individual's using pre-recorded voices without their prior express written consent.

Defendant contends that the single prerecorded call Plaintiff alleges he received was not sent by, initiated from, or controlled in any way by Defendant. Defendant further denies that Plaintiff's case is entitled to class treatment or that Plaintiff is a proper class representative.

The parties disagree on the scope of discovery. Plaintiff proposes that all discovery be conducted at one time because issues and discovery relating to him will be common for the entire proposed class. Defendant believes discovery should be limited at this time only to the

ORDER SETTING PRETRIAL SCHEDULE - 1

documents and information the parties need to support or oppose Defendant's motion for summary judgment, which will be based on the grounds that (1) Plaintiff has sued the wrong Defendant, (2) that the alleged call was sent by a third-party, and (3) Defendant has no authority or control over the individual sufficient to find any liability against Defendant for the actions alleged in the Complaint.

The Court agrees that limiting discovery initially to Plaintiff's individual claims is the more efficient and cost-effective means of proceeding as fees and costs associated with burdensome class discovery will be avoided if Plaintiff's claims fail. If Plaintiff's claims survive summary judgment, class discovery can proceed and within 14 days after any class certification ruling, the parties can submit a second joint status report regarding other deadlines to be set in this case.

Accordingly, it is **ORDERED** that this case shall proceed pursuant to the following pretrial schedule:

| DEADLINE OR EVENT | PROPOSED DATE |
| --- | --- |
| Deadline to join additional parties and amend pleadings | **May 29, 2021** |
| Close of Merits Discovery | **September 30, 2021** |
| Summary Judgment Motion Deadline | **October 25, 2021** |
| Summary Judgment Opposition Deadline | **November 15, 2021** |
| Summary Judgment Reply Deadline | **November 19, 2021** |
| Class Discovery Opens | 30 days from any ruling denying Summary Judgment Motion |
| Close of Class Discovery | 6 months after Class Discovery Opens |
| Deadline for Disclosure of Expert Reports | 14 days after close of Class Discovery |

ORDER SETTING PRETRIAL SCHEDULE - 2

| | |
|---|---|
| Deadline for Disclosure of Rebuttal Reports | 28 days after Deadline for Disclosure of Expert Reports |
| Class Certification Motion Deadline | 60 days after close of Class Discovery |
| Class Certification Opposition Deadline | 21 days after Class Certification Motion Deadline |
| Class Certification Reply Deadline | 14 days after Class Certification Opposition Deadline |
| Deadline for Joint Final Pretrial Statement | To be set after the court's ruling on class certification. |
| All Other Motions Due (including motions in limine and trial briefs) | To be set after the court's ruling on class certification. |
| Trial Term | To be set after the court's ruling on class certification. |
| Estimated Length of Trial [trial days] | To be determined after the court's ruling on class certification. |
| Jury Trial | To be determined |

This order sets firm dates that can be changed only by order of the Court, not by agreement of counsel for the parties. The Court will alter these dates only upon good cause shown. Failure to complete discovery within the time allowed is not recognized as good cause. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day.

**Discovery and Cooperation**

As required by CR 37(a), all discovery matters are to be resolved by agreement if possible.

**Settlement**

If this case settles, Plaintiff's counsel shall notify Andy Quach at (206) 370-8421 or via e-mail at: andy_quach@wawd.uscourts.gov, as soon as possible. Pursuant to CR11(b), an

ORDER SETTING PRETRIAL SCHEDULE - 3

attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate. The Clerk is directed to send copies of this Order to all parties of record.

DATED this 22nd day of March, 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge